United States District Court
Southern District of Texas
**ENTERED**
April 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DELIA RIOS CANALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00168 |
| | § | |
| ANDREW SAUL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

On November 2, 2021, the District Court vacated the Commissioner of Social Security's determination that Plaintiff Delia Rios Canales was not disabled and remanded to the Social Security Administration for further consideration of her application for benefits. (D.E. 20). Plaintiff's counsel, Ronald D. Honig, has now filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (D.E. 24). The Commissioner contends that Honig used the wrong hourly rate in calculating part of his requested fee award. (D.E. 25). Honig has filed a reply. (D.E. 26). For the reasons discussed further below, it is recommended that the motion (D.E. 24) be GRANTED.

**I.   BRIEFING**

In his motion, Honig seeks attorney fees of $4,735.56 under the EAJA for a total of 22.8 hours of work between the underlying lawsuit and his preparation of the fee petition. (D.E. 24 at 9, 14-16). Honig contends that a cost-of-living adjustment is appropriate in this

case and that the proper hourly rate for hours worked in 2020 is $196.30, while the proper hourly rate for hours worked in 2021 is $211.50.  (*Id.* at 7-8).  Honig reaches these sums by relying on data from the Consumer Price Index ("CPI") for the South Urban B/C area.  (*Id.* at 7).  Honig uses the annual cost-of-living factor for 2020, but uses only the October 2021 cost-of-living factor for 2021, which was the closest data available to the date of the entry of judgment.  (*Id.*).  Accordingly, Honig seeks $1,118.91 based on 5.7 hours of work in 2020 and $3,616.65 for 17.1 hours of work in 2021, for a total of $4,735.56.  (*Id.* at 8).

The Commissioner responds that, rather than the October 2021 cost-of-living factor, the proper figure to use is the "HALF 1" cost-of-living factor that takes the entire first half of 2021 into account.  (D.E. 25 at 1-2).  Accordingly, the Commissioner contends that the proper hourly rate for hours worked in 2021 is $202.80.  (*Id.* at 2).  When combined with the fees for hours worked in 2020, which the Commissioner does not dispute, this would result in an EAJA award of $4,384.22.  (*Id.*).  Finally, the Commissioner argues that EAJA fees are payable to Canales as the prevailing litigant, not to her attorney.  (*Id.* at 2-3).

Honig replies that the proper cost-of-living adjustment for 2021 should be based on the CPI figure for the month in which judgment was entered, which would be November 2021, but that figure was not yet available when he filed the petition, so he used the figure for October 2021 instead.  (D.E. 26 at 2-3).  He contends that the Supreme Court has ruled that the intention of allowing cost-of-living increases in fee awards was to provide attorneys with an hourly rate in present-day dollars, and that the relevant time period to determine present-day dollars is the date on which judgment was entered rather than some

2

arbitrary month in the past. (*Id.* at 3). Honig also notes that the CPI can decrease as well as increase, and he has filed at least one fee application where the award was lower due to the use of the present month CPI data. (*Id.* at 4-5). Further, Honig contends that courts both in this district and the Northern District of Texas have rejected the Commissioner's argument. (*Id.* at 5-6; D.E. 26-1). Finally, Honig seeks an additional $370.12 in fees for the 1.75 hours spent researching and preparing his reply. (*Id.* at 6). This would make the total EAJA award $5,105.68. (*Id.* at 7).

## II. APPLICABLE LAW

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses" that were incurred in any civil action brought against the United States, "including proceedings for judicial review of agency action," unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Attorney fees under the EAJA should not exceed $125 per hour worked, but increases to this amount are appropriate to account for increases in the cost of living. *Id.* § 2412(d)(2)(A). "By permitting cost-of-living increases [in the EAJA], Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with [the statutory figure], but no more." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). A litigant is entitled to attorney's fees for time spent preparing and litigating the fee issue itself. *Powell v. C.I.R.*, 891 F.2d 1167, 1170-71 (5th Cir. 1990).

EAJA awards are payable to the litigant rather than their attorney. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, the payments may nonetheless be remitted to the attorney in care of his client. *See id.* at 597-98.

### III. ANALYSIS

Here, as an initial matter, Canales is statutorily entitled to the EAJA award rather than Honig. *Id.* at 589. That the two may have their own independent agreement whereby Honig will ultimately receive the EAJA funds does not change the statutory language. *See id.* at 597-98.

As to the fee dispute, the Commissioner does not dispute that an EAJA award is appropriate here or that a cost-of-living adjustment should be applied based on CPI data for the South Urban B/C area, but rather only disputes the specific hourly rate Honig seeks for hours worked in 2021. Ultimately, the dispute is whether the hourly rate should be calculated based on the CPI data from the first six months of 2021, when the Commissioner contends the work was completed, or whether it should be based on the CPI data from October 2021, the closest data available to the date of the entry of judgment.

The Commissioner cites *Perales v. Casillas*, 950 F.2d 1066, 1074-79 (5th Cir. 1992), in support of her argument. There, the Fifth Circuit held that "cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Id.* at 1076. In that case, the plaintiffs prevailed following a bench trial in November 1988, but the district court did not award EAJA fees until March 1990 and based the award on a cost-of-living calculation applicable to March

4

1990. *Id.* at 1068-70. The Fifth Circuit's ruling in *Perales* does not resolve the issue in this case, as Honig is not seeking fees based on the date of the fee award, but rather on the date the judgment was entered, which was also the same year in which he rendered services. Moreover, Honig spent work hours on this case in October and November 2021, so it is unclear why the Commissioner believes the 2021 award should be based only on the CPI data for the first half of 2021. (*See* D.E. 24 at 16). The standard discussed in *Perales* requires a correct annual rate, and applying the CPI data from October 2021, which was the closest data available to the time of the entry of judgment, for work completed in 2021 does not contradict the Fifth Circuit's holding. Basing the hourly rate on the CPI data for the time of the entry of judgment is appropriate because this figure compensates the attorney in "present-day dollars." *Baker*, 839 F.2d at 1084.

Thus, Honig's 5.7 hours worked in 2020 result in an EAJA award of $1,118.91 based on an hourly rate of $196.30, and his 18.85 hours worked in 2021 result in an award of $3,986.77 based on an hourly rate of $211.50, for a total EAJA award of $5,105.68. This includes a total of 2.75 hours of work preparing and litigating the fee issue in 2021.[1]

---

[1] In his reply, Honig inconsistently states that he worked 1.5 hours on the reply and 1.75 hours on the reply. (D.E. 26 at 6). However, in his actual calculation of the additional fees, he uses 1.75 hours. Perhaps his calculation took him 0.25 hours to complete. The undersigned's recommendation is based on 1.75 hours of additional work, but should the Court prefer to use the lower figure provided by Honig, the proper fee for 1.5 hours of work on the reply would be $317.25, and the total award would be reduced to $5,052.81. Preparation and calculation of this footnote took 0.1 hours to complete.

## IV. RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 24) be GRANTED and that an EAJA fee award of $5,105.68 be made payable to Plaintiff, Delia Rios Canales, and sent in care of her attorney, Ronald D. Honig.

Respectfully submitted on April 21, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).