Case 2:20-cv-00168 Document 30 Filed on 05/31/22 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DELIA RIOS CANALES, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:20-CV-00168 |
| ANDREW SAUL, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation (M&R). (D.E. 27). The M&R recommends that the Court grant Plaintiff's counsel Ronald Honig's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (D.E. 27, p. 6). Defendant timely objected to the portion of the M&R approving the method Mr. Honig used to calculate his hourly rate in 2021. (D.E. 28). When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3).

Here, Defendant argues that the hourly rate for work completed in 2021 should be calculated based on the cost-of-living factor for the first half of the year found in the Consumer Price Index (CPI) for the South Urban B/C area. *See* (D.E. 28, p. 4). Defendant contends that the hourly rate should be calculated on an annual basis, as opposed to the month judgment is entered, because it is representative of the current rate and does not lead to awarding pre-judgment interest. *Id.* at 2.

Plaintiff filed a reply arguing against using the annual cost-of-living factor to calculate the hourly rate. (D.E. 29). Plaintiff maintains that such a calculation would itself cause an award of interest because it accounts for increases in the cost of living after the entry of judgment. *Id.* at 4. Accordingly, Plaintiff argues that the proper calculation of the current rate is determined by the month judgment is entered or, in this case, the closest available data at the time of calculation (October 2021). *See id.* at 3.

After a de novo review of the portions of the M&R to which Defendant's objection is directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Defendant's objection. (D.E. 28). "By permitting cost-of-living increases, Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981, but no more." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The Court finds using the month of judgment entry to calculate the hourly rate properly represents the current rate, and as such, agrees with the reasoning set forth in the M&R. *See* (D.E. 27). Plaintiff using the October 2021 cost-of-living factor, the closest data available at the time, avoids subsequent cost-of-living increases from being factored into attorney's fees.

Accordingly, the Court **ADOPTS** the M&R in its entirety. (D.E. 27). Attorney Honig's motion for attorney's fees and expenses is **GRANTED**. (D.E. 24). An EAJA fee award of $5,105.68 is to be made payable to Plaintiff, Delia Rios Canales, and sent in care of her attorney, Ronald Honig.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
May 31st, 2022